UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/20/16
```

---

JULIO CASTILO,

                Petitioner,

- against -

UNITED STATES OF AMERICA,

                Respondent.

**ORDER**

13 Civ. 4298 (PGG) (JLC)
98 Cr. 438 (PGG)

---

PAUL G. GARDEPHE, U.S.D.J.:

      On June 13, 2013, pro se Petitioner Julio Castilo[1] filed a habeas corpus petition pursuant to 28 U.S.C. § 2255, seeking to vacate his conviction under 18 U.S.C. § 1962(c). (Pet. (Dkt. No. 1) at 1[2]) On October 2, 2013, this Court referred the petition to Magistrate Judge James L. Cott for a Report and Recommendation ("R & R"). (Dkt. No. 7) On November 12, 2013, Judge Cott issued an R & R recommending that the petition be denied. (R&R (Dkt. No. 9)) For the reasons stated below, this Court will adopt the R & R in its entirety, and Castilo's petition will be denied.

## BACKGROUND

      On September 5, 2000, Castilo pleaded guilty to Count One in Information 98 Cr. 438 (Dkt. No. 153 in 98 Cr. 438), which charged him with a violation of the Racketeer

---

[1] Petitioner's last name is spelled variously as "Castilo" and "Castillo" in court documents. The Court will refer to Petitioner as "Castilo," because that is the spelling used in the petition. (See Pet. (Dkt. No. 1))

[2] The page numbers of documents referenced in this Order correspond to the page numbers designated by this District's Electronic Case Filing system.

Influenced and Corrupt Organizations Act ("RICO") for participating in a criminal enterprise through a pattern of racketeering activity. (Plea Tr. (Dkt. No. 356 in 98 Cr. 438) at 2-4, 13) During the allocution, Magistrate Judge Theodore Katz advised Castilo of, inter alia, (1) the rights he would be giving up if he pleaded guilty, and (2) the consequences of pleading guilty, including a maximum sentence of imprisonment of 20 years. (See id. at 4-5, 8-9) Judge Katz ensured that Castilo entered his plea knowingly and voluntarily, and that the guilty plea had an adequate factual basis. (See id. at 5-7, 13-18)

During the allocution, Castilo admitted that – between 1994 and October 1999 – he was a member of the 165th Street Organization, which operated in the Bronx, and which "generally engaged in acts of robbery or kidnapping or trafficking in narcotics in order to further its purposes." (Id. at 14) Castilo further admitted that in March of 1995, as a member of the 165th Street Organization, he had conspired to rob, robbed, and conspired to murder Francisco Soto, a drug dealer. Castilo stated that at that time he "went to Jersey with the rest of the fellows and I went to rob a man that had drugs, and I came back to the Bronx with the guy and we . . . took him to Orchard Beach and we killed him." (Id. at 13-16)

In his plea agreement, Castilo agreed not to appeal or collaterally challenge any sentence of 20 years' imprisonment or less. (Id. at 12-13)

On December 18, 2000, Judge Robert L. Carter accepted Castilo's guilty plea and sentenced him to 20 years' imprisonment. (Sentencing Tr. (Dkt. No. 1) at 22-27)[3] The judgment of conviction was entered on December 19, 2000. (R & R (Dkt. No. 9) at 4) Castilo did not appeal his conviction. (Id.)

---

[3] The transcript of the sentencing proceedings is attached to Castilo's § 2255 petition. (Dkt. No. 1)

On February 9, 2001 – in connection with a separate New York State prosecution – Castilo was sentenced in New York state court to 10 to 20 years' imprisonment. (Id.) On June 21, 2010, with the consent of both Castilo and the Government, this Court amended the judgment in 98 Cr. 438 to include a recommendation that Castilo's federal sentence be served concurrently with his New York state sentence, and that the Bureau of Prisons take all necessary steps to ensure that Castilo is credited for concurrent service of his federal and state sentences.[4] (Dkt. No. 330 in 98 Cr. 438) Castilo filed no appeal concerning the amended judgment. (See R & R (Dkt. No. 9) at 7-8 & n.10)

On June 13, 2013, Castilo filed the instant petition under 28 U.S.C. § 2255. (Pet. (Dkt. No. 1)) Castilo "argues that he is actually innocent of violating [RICO] because the statute reaches only enterprises 'engaged in, or the activit[i]es of which affect, inters[t]ate or foreign [c]ommerce.'" (Id. at 4 (quoting 18 U.S.C. § 1962(c))) Castilo states that it was "the government's obligation to show that the 165th Street Organization's effect on [c]ommerce was substantial" (Id. at 7), but "there is no evidence . . . that the 165th Street Organization was involved in any sort of economic enterprise." (Id. at 5)

On July 31, 2013, Castilo was ordered to file an affirmation within 60 days demonstrating why his petition should not be dismissed as time-barred. (Dkt. No. 3) On September 4, 2013, Castilo moved for an order to show cause why a writ of habeas corpus should not be granted. (Dkt. No. 4) On September 5, 2013, Castilo's request for an order to show cause was denied, and Castilo was directed to respond to this Court's July 31, 2013 order. (Dkt. No. 5) In a September 16, 2013 affidavit, Castilo asserts "actual innocence," claiming that his RICO conviction cannot stand because there is no evidence that the activities of the 165th

---

[4] 98 Cr. 438 was reassigned to this Court on November 24, 2009. (Dkt. No. 318 in 98 Cr. 438)

Street Organization had any effect on interstate or foreign commerce. (Castilo Aff. (Dkt. No. 8) at 2-4) In his affidavit, however, Castilo concedes that during his plea allocution "he admitted . . . that some of his activities 'affected Interstate Commerce.'" (Id. at 3)

Castilo's petition was referred to Judge Cott for an R & R on October 2, 2013. (Dkt. No. 7) On November 12, 2013, Judge Cott issued an R & R recommending that the petition be denied as time-barred. (R&R (Dkt. No. 9)) at 7-9) Judge Cott informed Castilo that he had fourteen days from service of the R & R to file any objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. (Id. at 15)

On December 20, 2013, this Court received a letter on Castilo's behalf requesting an extension of time to file objections to the R & R. (Dec. 9, 2013 Ltr. (Dkt. No. 10)) On December 23, 2013, this Court granted Castilo a thirty-day extension to file objections to the R & R. (Dec. 23, 2013 Order (Dkt. No. 11)) On January 6, 2014, Castilo filed written objections to the R & R. (Pet. Obj. (Dkt. No. 12))

Castilo's objections largely restate arguments raised in his petition. He "contends that [his] plea was uni[n]telligent, and thus void, due to his and the district court's misunderstanding of the reach of RICO's commerce element." (Id. at 4) Castilo also repeats his argument that "actual innocence" provides an avenue for his collateral attack on his guilty plea and conviction, despite his procedural default. (Id.)

## DISCUSSION

### I.  STANDARD OF REVIEW

In evaluating a magistrate judge's R & R, a district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a timely objection has been made to a magistrate judge's R & R,

4

"[the district court] shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. However, "'[t]o the extent . . . that the [objecting] party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the [R & R] strictly for clear error.'" DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009) (quoting IndyMac Bank, FSB v. Nat'l Settlement Agency, Inc., No. 07 Civ. 6865 (LTS) (GWG), 2008 WL 4810043, at *1 (S.D.N.Y. Oct. 31, 2008)). Although "[t]he objections of parties appearing pro se are 'generally accorded leniency' and should be construed 'to raise the strongest arguments that they suggest,'" "even a pro se party's objections to [an R & R] must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." Ackridge v. New Rochelle City Police Dep't, No. 09-CV-10396 (CS) (LMS), 2011 WL 5101570, at *1 (S.D.N.Y. Oct. 25, 2011) (internal citations and quotation marks omitted); see also Barratt v. Joie, No. 96 Civ. 0324 (LTS) (THK), 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002) ("Objections to [an R & R] 'are to be specific and are to address only those portions of the proposed findings to which the party objects.'" (quoting Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan, 806 F. Supp. 380, 381-82 (W.D.N.Y. 1992))).

Here, Castilo's objections lack specificity and do not address Judge Cott's factual findings and legal conclusions. Because Castilo does no more than repeat arguments presented to and rejected by Judge Cott,[5] the R & R will be reviewed for clear error. See DiPilato, 662 F. Supp. 2d at 339-40.

---

[5] (Compare Pet. (Dkt. No. 1) at 4 ("Imagine that Affiant had admitted to stealing apples from the Post Office, was advised by his counsel and the court that apples were vegetables, and pled guilty to 'stealing vegetables from a federal building.'") with Pet. Obj. (Dkt. No. 12) at 5

## II. ANALYSIS

As Judge Cott explains in the R & R, Castilo's petition (1) is time-barred under the Antiterrorism and Effective Death Penalty Act ("AEDPA"); (2) does not meet the requirements for equitable tolling; (3) does not include a credible claim of "actual innocence"; and (4) does not demonstrate any defect in his guilty plea. (R & R (Dkt. No. 9) at 7-11, 15) This Court has reviewed Judge Cott's comprehensive and well-reasoned R & R and is satisfied that "there is no clear error on the face of the record." Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985).

As an initial matter, the Court agrees with Judge Cott's conclusion that Castilo's petition is time-barred under the AEDPA. (R & R (Dkt. No. 9) at 7-9) A Section 2255 petition is subject to a one-year statute of limitations that begins when the judgment of conviction becomes final. See Clay v. United States, 537 U.S. 522, 524 (2003). Castilo's judgment of conviction became final when his time for filing a direct appeal expired, which was ten days after the original entry of judgment on December 19, 2000, or fourteen days after this Court filed an amended judgment on June 21, 2010. (R & R (Dkt. No. 9) at 7 (citing Fed. R. App. P. 4(b)(1)(A)(i); Fed. R. App. P. 4 advisory committee's notes on 2009 amendments)) Accordingly, as Judge Cott finds, the latest date on which Castilo could file a Section 2255 petition is July 5, 2011. (Id. at 7-8) Because Castilo did not file his petition until June 13, 2013, his petition is time-barred. See Moshier v. United States, 402 F.3d 116, 118-19 (2d Cir. 2005).

As Judge Cott also correctly notes, Castilo has not "show[n] that he is entitled to equitable tolling of the statute of limitations on his habeas petition." (R & R (Dkt. No. 9) at 8-9)

---

("Imagine that petitioner had admitted to stealing apples from the Post Office, was advised by his counsel and the Court that apples were veg[e]tables, and pled guilty to 'stealing veg[e]tables from a federal building.'")

6

For equitable tolling to apply in connection with a habeas petition, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Castilo has not argued, much less demonstrated, that he diligently pursued his rights but that extraordinary circumstances prevented a timely filing. (R & R (Dkt. No. 9) at 9) Indeed, Castilo waited nearly three years after the entry of the amended judgment to file his petition. (Id.) Accordingly, equitable tolling does not apply.

Judge Cott also correctly rejected Castilo's "actual innocence" claim. (R & R (Dkt. No. 9) at 10-14) During his allocution, Castilo provided the facts necessary for the court to determine that the RICO organization of which he was a part had an effect on interstate or foreign commerce. (See Plea Tr. (Dkt. No. 356 in 98 Cr. 438) at 13-16) Castilo has not offered any new evidence that casts doubt on the factual allocution he gave at the time of his guilty plea. See Rivas v. Fischer, 687 F.3d 514, 541 (2d Cir. 2012) ("a claim of actual innocence . . . must be supported by 'new reliable evidence . . . that was not presented at trial.'" (quoting Schlup v. Delo, 513 U.S. 298, 324 (1995))). To the contrary, Castilo states that "[t]he facts to which [he] admits now are the same facts to which he admitted when he pled guilty." (Pet. (Dkt. No. 1) at 12-13)

Castilo's argument that he is "actually innocent" – because the 165th Street Organization did not have a "substantial effect[]" on interstate commerce (see id. at 8) – is meritless. Only a minimal effect on interstate commerce is required. See United States v. Price, 443 F. App'x 576, 579 (2d Cir. 2011) ("Only a minimal effect on interstate commerce need be proven; indeed, 'narcotics trafficking affects interstate commerce . . . regardless of where the raw

7

materials originate.'" (quoting United States v. Vasquez, 267 F.3d 79, 90 (2d Cir. 2001))); see also United States v. Mejia, 545 F.3d 179, 203-04 (2d Cir. 2008) (noting that "even a de minimis effect on interstate commerce suffices" to establish that an enterprise "engages in or affects interstate commerce"). As Judge Cott points out, Castilo concedes that "[t]he 165th Street Organization's violent enterprise surely affected Interstate Commerce in some way." (Pet. (Dkt. No. 1) at 8; see also R & R (Dkt. No. 9) at 12)

In any event, Castilo offered ample evidence during his allocution that the 165th Street Organization's activities had an effect on interstate or foreign commerce. Castilo admitted during his plea that the RICO organization was engaged in acts of robbery, kidnapping, and narcotics trafficking, and he further admitted to participating in the robbery, kidnapping, and murder of a New Jersey drug dealer, who was brought to the Bronx to be killed. (See Plea Tr. (Dkt. No. 356 in 98 Cr. 438) at 13-16)

Finally, Judge Cott correctly rejected Castilo's claim that his plea was not knowing. (R & R (Dkt. No. 9) at 15) Castilo's argument, in both the petition and in his objections, is based on the misguided notion that a substantial effect on interstate or foreign commerce is necessary to support a conviction under RICO. (Pet. (Dkt. No. 1) at 9-18; Pet. Obj. (Dkt. No. 12) at 4-5) As noted above, a minimal effect on interstate commerce is sufficient to satisfy RICO's requirements. Moreover, Magistrate Judge Katz was careful to ensure that Castilo's plea was entered knowingly and voluntarily. (See Plea Tr. (Dkt. No. 356 in 98 Cr. 438) at 5-7) In sum, there is no basis to conclude that Castilo's guilty plea was not knowing.

## CONCLUSION

Magistrate Judge Cott's Report and Recommendation (Dkt. No. 9) is adopted in its entirety. Castilo's petition for a writ of habeas corpus is denied.

Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue under 28 U.S.C. § 2253. This Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a non-frivolous issue).

The Clerk of the Court is directed to mail a copy of this Order to Petitioner Julio Castilo, Federal Correctional Institution, P.O. Box 699, Estill, SC 29918, and to close this case.

Dated: New York, New York
April 20, 2016

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge